## Commonwealth v. Di Santi.

*M. Edna Hurst,* for rule; *J. E. Senft,* contra.

GROFF, J., April 19, 1930.—This is a proceeding brought by the State of Pennsylvania to recover from Ottonazio Di Santi, father of Anthony Di Santi, who is charged on the books of the Harrisburg State Hospital, at Harrisburg, Pennsylvania, where he has been continuously confined as an indigent insane patient from July 27, 1926, to Sept. 30, 1929. The petition further alleges that the State of Pennsylvania has expended, from July 27, 1926, to Sept. 30, 1929, for the maintenance and support of the said Anthony Di Santi at the Harrisburg State Hospital the sum of $438.63, as evidenced by the affidavit of Lloyd B. Shoop, Secretary of the Bureau of Maintenance Collections of the Department of Revenue, at Harrisburg, Pennsylvania; and then prays the honorable court for a rule upon Ottonazio Di Santi, father of Anthony Di Santi, to show cause why he should not pay to the Commonwealth of Pennsylvania the said sum of $438.63 for maintenance as aforesaid.

To this, the respondent filed an answer admitting the facts alleged in the petition. Respondent, however, denies his ability to pay.

Section 2 of the Act of May 10, 1921, P. L. 438, amending section 3 of the Act of June 1, 1915, P. L. 661, reads as follows:

"The . . . father . . . of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided. . . ."

Section 4 of the Act of June 1, 1915, P. L. 661, is amended by the Act of April 25, 1929, P. L. 704, to read as follows:

"The Court of Common Pleas of the county of the residence of any inmate of a state-owned mental hospital, or any home, hospital, asylum, or other institution wherein said inmate is maintained in part by the Commonwealth of Pennsylvania, shall, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, make an order for the payment of maintenance to the Commonwealth upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate, or against the . . . father . . . of any person so maintained; and any order made against the . . . father . . . shall be in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance; . . ."

Section 5 of the said act reads as follows:

"The sworn statement of the superintendent, steward, . . . in whose custody are kept the records of any hospital, home, asylum, or other institution not owned by the state wherein persons are maintained in part at the expense of this Commonwealth . . . shall be received as *prima facie* evidence in any court of this Commonwealth of the amount expended by the Commonwealth

for the support or maintenance of any such person in any proceeding brought to recover the amount of such maintenance."

The depositions filed in this case show that the respondent lives on South Front Street, in the Borough of Columbia, Pennsylvania; that he owns a property, which he lives in, and for which he paid $400; that there is against the property a mortgage of $200, and, in addition thereto, he owes some other debts; that he has an interest in another lot in the Borough of Columbia, Pennsylvania, worth about $150; that he runs a small store; and that he gets $7, $8 or $10 a week from the operation of that store; and that he lives alone and has nobody to keep but himself.

A careful examination of all the facts in the case leads us to conclude that the respondent is unable to pay for the maintenance of his son. We, therefore, discharge the rule granted in the above case and order and direct that the said Ottonazio Di Santi is not, at present, of such legal or financial ability to make the payments due the Commonwealth up to this time.

From George Ross Eshleman, Lancaster, Pa.